**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-1942

GORDANA SCHIFANELLI,

        Plaintiff – Appellant,

    v.

QUEEN ANNE'S COUNTY BOARD OF COMMISSIONERS,

        Defendant – Appellee,

    and

MICHAEL CLARK, in his official and individual capacity; MATTHEW EVANS, in his official and individual capacity; CHRISTINE BETLEY, in her official and individual capacity; QUEEN ANNE'S COUNTY LOCAL MANAGEMENT BOARD,

        Defendants.

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, District Judge. (1:20-cv-02906-GLR)

Submitted: February 17, 2023                Decided: June 9, 2023

Before GREGORY, Chief Judge, and DIAZ and HEYTENS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Marc D. Schifanelli, Stevensville, Maryland, for Appellant.  Matthew D. Peter, Hanover, Maryland, for Appellee.

————————

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

Gordana Schifanelli filed an amended complaint asserting multiple claims against the Queen Anne's County Board of Commissioners ("the County Board") and Michael Clark, in his individual capacity and in his official capacity as Director of the Queen Anne's County Local Management Board. The district court dismissed the entire amended complaint, but Schifanelli challenges only the district court's dismissal of her claim that the County Board violated her First and Fourteenth Amendment rights, in violation of 42 U.S.C. § 1983. We affirm.

"We review de novo a district court's decision to grant a motion to dismiss" under Fed. R. Crim. P. 12(b)(6) and, "[w]hen doing so, we accept the factual allegations of the complaint as true and construe them in the light most favorable to the nonmoving party." *Corder v. Antero Res. Corp.*, 57 F.4th 384, 401 (4th Cir. 2023) (internal quotation marks omitted). "To survive a motion to dismiss, the complaint's factual allegations must be enough to raise a right to relief above the speculative level—that is, the complaint must contain enough facts to state a claim for relief that is plausible on its face." *Bass v. Weinstein Mgmt. Co.*, 56 F.4th 355, 360-61 (4th Cir. 2022) (internal quotation marks omitted). "Labels, conclusions, recitation of a claim's elements, and naked assertions devoid of further factual enhancement will not suffice." *ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 211 (4th Cir. 2019). Rather, "[t]o contain sufficient factual matter to make a claim plausible, the factual content must allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 212 (internal quotation marks omitted).

A local government body, like the County Board, cannot be held liable under § 1983 for alleged acts of its employees under a respondeat superior theory. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692-94 (1978). Instead, "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694; *see Starbuck v. Williamsburg James City Cnty. Sch. Bd.*, 28 F.4th 529, 532-33 (4th Cir. 2022) ("*Monell* permits suits against a municipality for a federal constitutional deprivation only when the municipality undertook the allegedly unconstitutional action pursuant to an official policy or custom." (internal quotation marks omitted)).

While municipal liability under § 1983 attaches only to action taken pursuant to an official municipal policy or custom, "it is plain that municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986). "Relying on this precedent," we have "held that a government policy or custom need not have received formal approval through the municipality's official decisionmaking channels to subject the municipality to liability." *Hunter v. Town of Mocksville*, 897 F.3d 538, 554 (4th Cir. 2018) (cleaned up). Nor is it necessary for an official policy to "be broadly applicable to factual circumstances likely to be repeated." *Id.* Rather, "we have recognized that a governmental unit may create an official policy by making *a single decision* regarding a course of action in response to particular circumstances so long as that governmental unit possessed final authority to create official policy." *Id.* (internal quotation marks omitted). Thus, "in

4

assessing whether a municipality may be held liable for the constitutional or statutory violations of their decisionmakers, the touchstone inquiry is whether the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered." *Id.* at 554-55 (internal quotation marks omitted). If the decisionmaker at issue does possess such authority, then his "actions may fairly be attributed as reflecting municipal policy." *Id.* at 555.

Municipal liability may also attach "through an omission, such as a failure to properly train officers, that manifests deliberate indifference to the rights of citizens." *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (cleaned up). Like above, the omission must be "on the part of policymaking officials." *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999).

After reviewing the allegations in the amended complaint and the supplemental material added to the record, we conclude that the district court correctly determined that Schifanelli failed to allege facts sufficient to show that Clark possessed final policymaking authority such that his actions or inactions could be attributed to the County Board. Accordingly, we affirm the district court's judgment. *Schifanelli v. Queen Anne's Cnty. Bd. of Comm'rs*, No. 1:20-cv-02906-GLR (D. Md. Aug. 18, 2021). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*